UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAPAN ENTERTAINMENT GROUP  Case No. 1:14-cv-165
CO. LTD., et al.,
    Plaintiffs,

                                                 Black, J.
    vs                                           Bowman, M.J.

ETHNA COOPER, et al.,                    REPORT AND
    Defendants.                          RECOMMENDATION

Luwana Pettus-Oglesby, who resides in Cincinnati, Ohio, has been granted leave to proceed *in forma pauperis* in connection with a *pro se* complaint, in which Japan Entertainment Group Co. Ltd. and LaShawn R. Pettus-Brown, an inmate at the Hamilton County Justice Center (HCJC), are also named as plaintiffs. (*See* Doc. 1, Complaint).  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but only on behalf of herself as an individual and not on behalf of the other two named plaintiffs. This matter is before the Court for a *sua sponte* review of Ms. Pettus-Oglesby's complaint to determine whether her complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th

Cir. 1990).

This action has been brought against Hamilton County Common Pleas Court Judge Ethna Cooper, Hamilton County Prosecutor Joseph Deters, Hamilton County Sheriff Jim Neil, and Hamilton County Clerk of Courts Tracy Winkler.  (Doc. 1, Complaint, p. 1).  In the substance of the complaint, Ms. Pettus-Oglesby essentially claims that LaShawn Pettus-Brown was improperly prosecuted and "subjected to illegal sentencing" in a Hamilton County Common Pleas Court criminal case and that Mr. Pettus-Brown is now being "illegally and unlawfully detained" at the HCJC since his extradition to Cincinnati on December 20, 2013 for an alleged probation violation.  (*See id.*, pp. 4-5).  In addition, Ms. Pettus-Oglesby challenges the conditions of confinement at the HCJC.  (*Id.*, p. 5).  As relief, she requests that Mr. Pettus-Brown be "immediately removed" from the HCJC and that the HCJC be placed "under direct Federal supervision until the Federal Court deems all operations are up to Federal standard."  (*Id.*, p. 6).

It is clear from the face of the complaint that Ms. Pettus-Oglesby has no standing to bring the cause of action involving alleged injuries suffered by another person and, therefore, this Court lacks subject matter to consider her complaint.  As an Article III court, the District Court only has the power to resolve actual cases and controversies.  U.S. Constit. Art. III, § 2.  To satisfy the case or controversy requirement, the plaintiff must have standing to bring the cause of action based on a showing that she "has suffered an 'injury in fact,'" which is "fairly traceable to the challenged act[s] of the defendant[s]" and likely to be redressed by a favorable decision.  *See, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *see also Judy v. Pingue*, No. 2:08cv859, 2009 WL 4261389, at *1-2 (S.D. Ohio Nov. 25, 2009).  The relevant showing for purposes of Article III standing is "injury to the plaintiff."  *Friends of the Earth*, 528 U.S. at 181.  Here, only Mr. Pettus-Brown has standing to bring the cause of action as the

individual who has suffered the injuries alleged in the complaint and for whom a remedy is sought by way of a favorable decision granting the requested injunctive relief.

Because Ms. Pettus-Oglesby has not shown that she herself has suffered an injury in fact which is fairly traceable to the defendants' challenged conduct, this Court lacks subject jurisdiction to consider her complaint. Therefore, to the extent that only Ms. Pettus-Oglesby has been allowed to proceed *in forma pauperis* at this juncture in the proceedings, the portion of the complaint that has been brought by Ms. Pettus-Oglesby is subject to dismissal for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. The portion of the complaint in which Ms. Pettus-Oglesby is named as a plaintiff be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Ms. Pettus-Oglesby leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). She remains free, however, to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

    s/Stephanie K. Bowman
    Stephanie K. Bowman
    United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JAPAN ENTERTAINMENT GROUP  
CO. LTD., et al.,  
    Plaintiffs,

vs

ETHNA COOPER, et al.,  
    Defendants.

Case No. 1:14-cv-165

Black, J.  
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc