UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAPAN ENTERTAINMENT GROUP		Case No. 1:14-cv-165
CO. LTD., et al.,
    Plaintiffs,

                                          Black, J.
vs                                  Bowman, M.J.

ETHNA COOPER, et al.,		**REPORT AND**
    Defendants.		**RECOMMENDATION**

       Plaintiff Luwana Pettus-Oglesby, a resident of Cincinnati, Ohio, has filed a "Motion For Writ Of Habeas Corpus" in this action, after submitting an *in forma pauperis* application in connection with a *pro se* civil complaint, in which Japan Entertainment Group Co. Ltd. (JEG) and LaShawn R. Pettus-Brown, an inmate at the Hamilton County Justice Center, are also named as plaintiffs. (Doc. 2; *see also* Doc. 1). On March 6, 2014, the undersigned issued a Report and Recommendation to dismiss Ms. Pettus-Oglesby as a plaintiff on the ground that she lacks standing to bring the cause of action. (*See* Doc. 7). The undersigned also issued Deficiency Orders directed to the other two named plaintiffs, JEG and Mr. Pettus-Brown, because (1) JEG has not paid the filing fee or retained a licensed attorney to represent the company, and (2) Mr. Pettus-Brown has not signed the complaint, paid the filing fee or submitted an *in forma pauperis* application. (Docs. 4-5).

       In the pending habeas corpus motion, Ms. Pettus-Oglesby requests that Mr. Pettus-Brown be "immediately released from unlawful detention." (Doc. 2). A petition for a writ of habeas

corpus must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Mr. Pettus-Brown is the person for whose relief the habeas corpus motion is intended. However, he has not signed the motion and has yet to enter an appearance in this case. Ms. Pettus-Oglesby lacks standing to bring the motion on petitioner's behalf. She is not a licensed attorney retained to represent Mr. Pettus-Brown in this matter. Moreover, to the extent Ms. Pettus-Oglesby may maintain as an alternative basis for standing that she is proceeding as Mr. Pettus-Brown's "next friend," she has not satisfied the "two firmly rooted prerequisites" for "next friend" status by (1) providing "an adequate explanation . . . why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) showing that she is "truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate." *See Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). *Cf. Tate v. United States*, 72 F. App'x 265, 266-67 (6th Cir. 2003) (holding that the federal prisoner's friend and mother did not qualify for "next friend" status absent any assertion or evidence that the prisoner was incapable of pursuing the habeas action on his own behalf or that they were "truly dedicated" to the prisoner's "best interests").

Accordingly, it is **RECOMMENDED** that Ms. Pettus-Oglesby's motion requesting the issuance of a writ of habeas corpus (Doc. 2) be **DENIED** on the ground that Ms. Pettus-Oglesby lacks standing to bring the motion on Mr. Pettus-Brown's behalf.

As discussed above, the undersigned has issued a Deficiency Order in this case directed to Mr. Pettus-Brown to the extent that he has been named as a plaintiff in a civil rights action. Mr. Pettus-Brown is hereby **FURTHER NOTIFIED** that if he wishes to pursue a habeas corpus action, the requisite filing fee is $5.00 as opposed to the fee required to be paid under the Prison Litigation Reform Act for civil complaints. To initiate a habeas corpus action, Mr. Pettus-Brown must submit a written petition signed and verified by him together with the $5.00 filing fee or, if

he is unable to pay the fee, an *in forma pauperis* application.

The Clerk of Court is **DIRECTED** to provide Mr. Pettus-Brown with an Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, which he may use to initiate a habeas corpus action upon the exhaustion of available state court remedies in the event he lacks the funds to pay the requisite $5.00 filing fee.

s/Stephanie K. Bowman  
Stephanie K. Bowman  
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAPAN ENTERTAINMENT GROUP           Case No. 1:14-cv-165
CO. LTD., et al.,
     Plaintiffs,

                                                                     Black, J.
     vs                                                            Bowman, M.J.

ETHNA COOPER, et al.,
     Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc