# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JAPAN ENTERTAINMENT GROUP, CO. LTD., et al.,     Plaintiffs, | Case No. 1:14-cv-165 |
| vs | Black, J. <br> Bowman, M.J. |
| ETHNA COOPER, et al.,     Defendants. | **ORDER** |

On February 20, 2014, Luwana Pettus-Oglesby, a resident of Cincinnati, Ohio, filed a motion for leave to proceed *in forma pauperis* in connection with a *pro se* civil complaint, in which Japan Entertainment Group Co. Ltd. (JEG) and LaShawn R. Pettus-Brown are also named as plaintiffs.  (*See* Docs. 1, 6).  Thereafter, on March 4, 2014, Ms. Pettus-Oglesby filed a "Motion For Writ Of Habeas Corpus" requesting the release of Mr. Pettus-Brown, who was then confined at the Hamilton County Justice Center,[1] from state custody.  (Doc. 2).  On March 6, 2014, Deficiency Orders were issued to JEG and Mr. Pettus-Brown, who had not signed the complaint or submitted an *in forma pauperis* application or filing fee.  Ms. Pettus-Oglesby was granted pauper status.  (Doc. 3).  However, the undersigned issued a Report and Recommendation on March 6, 2014 to dismiss the portion of the complaint in which Ms. Pettus-Oglesby is named as a plaintiff for lack of subject matter jurisdiction.  (Doc. 7).  On March 12, 2014, the undersigned issued a second Report and Recommendation recommending the dismissal of Ms. Pettus-Oglesby's motion for writ of habeas corpus on the ground that Ms.

---

[1] On April 3, 2014, Mr. Pettus-Brown filed a notice informing the Court of a change in his address.  (Doc. 16).  Mr. Pettus-Brown remains in state custody, but it appears that he is now incarcerated at the Correctional Reception Center in Orient, Ohio.  (*Id.*).

Pettus-Oglesby lacks standing to bring the motion on Mr. Pettus-Brown's behalf. (Doc. 9). On March 31, 2014, the District Court adopted the Report and Recommendation issued on March 6, 2014 to dismiss the portion of the complaint in which Ms. Pettus-Oglesby is named as a plaintiff. (Docs. 13-4). The March 12, 2014 Report and Recommendation to dismiss her habeas motion for lack of standing remains pending before the District Court for ruling.

This matter is now before the Court on various pleadings filed by Mr. Pettus-Brown in response to the March 6, 2014 Deficiency Orders, as well as the March 6 and March 12, 2014 Reports and Recommendations pertaining to Ms. Pettus-Oglesby. Specifically, Mr. Pettus-Brown has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his current confinement based on his conviction and sentence in Hamilton County Court of Common Pleas Case No. B0500613. (Doc. 12). It appears from the Court's docket records that Mr. Pettus-Brown has paid the $5.00 fee required to commence a habeas corpus action. In addition, Mr. Pettus-Brown has filed motions requesting (1) that he be removed from state custody and placed in federal custody pending ruling on Ms. Pettus-Oglesby's habeas corpus motion and (2) a 15-day extension of time in which to comply with the March 6, 2014 Deficiency Order directed to him pertaining to the *pro se* civil rights complaint. (*See* Docs. 11, 15).

Because Mr. Pettus-Brown has paid the fee required to commence a federal habeas action, he may proceed with that action in this Court. The Clerk of Court is hereby **DIRECTED** to docket Mr. Pettus-Brown's habeas corpus petition (Doc. 12) as filed pursuant to 28 U.S.C. § 2254 under a new case number.

However, Mr. Pettus-Brown's request that he be removed from state custody and placed in federal custody pending this Court's ruling on Ms. Pettus-Oglesby's habeas motion (Doc. 11)

2

is **DENIED**.  This Court lacks the authority to grant the requested relief.  In any event, as discussed in the March 12, 2014 Report and Recommendation (Doc. 9), Ms. Pettus-Oglesby's habeas motion should be denied for lack of standing.

In addition, Mr. Pettus-Brown's motion for extension of time in which to comply with the March 6, 2014 Deficiency Order (Doc. 15) is **DENIED**.  The *pro se* complaint filed by Ms. Pettus-Oglesby raises the same claims and seeks the same relief that Mr. Pettus-Brown has presented in his habeas petition that is to proceed under a separate case number.  (*See* Doc. 6). The two matters are duplicative.  Furthermore, if Mr. Pettus-Brown were to comply with the Deficiency Order by paying the $400 filing fee, his civil rights complaint would be subject to dismissal at the screening stage on the ground that it is barred from review by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that a civil rights action under 42 U.S.C. § 1983 seeking relief on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated.

Finally, it is **RECOMMENDED** that the remaining portions of the *pro se* civil rights complaint in which Mr. Pettus-Brown and JEG are named as plaintiffs (Doc. 6) be **DISMISSED**. The complaint involving Mr. Pettus-Brown should be dismissed because it is duplicative of Mr. Pettus-Brown's habeas petition, which the Clerk of Court has been directed herein to file under a separate case number.  The complaint involving JEG should be dismissed for lack of prosecution.  According to the Deficiency Order issued March 6, 2014, JEG was required to pay the $400 filing fee and retain a licensed attorney to enter an appearance as its representative in the action within thirty (30) days.  (*See* Doc. 4).  JEG was expressly informed that "if it fails to comply with this Order within the requisite 30-day period, the company will be dismissed for want of prosecution as a plaintiff in this action." (*Id.*, p. 2).  Although the 30-day period has

expired, JEG has yet to comply with the Deficiency Order. District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of JEG to respond to the Deficiency Order within the requisite time period warrants invocation of the Court's inherent power in this proceeding. *See* Fed. R. Civ. P. 41(b).

**IT IS THEREFORE RECOMMENDED THAT:**

The portions of Ms. Pettus-Oglesby's *pro se* complaint in which JEG and Mr. Pettus-Brown are named as plaintiffs (Doc. 6) be **DISMISSED**. The complaint involving JEG is subject to dismissal for lack of prosecution due to the company's failure to comply with the Deficiency Order issued March 6, 2014. The complaint involving Mr. Pettus-Brown is subject to dismissal because the complaint is duplicative of Mr. Pettus-Brown's habeas petition, which has been allowed to proceed separately under a new case number.

**IT IS THEREFORE ORDERED THAT:**

1. The Clerk of Court shall docket Mr. Pettus-Brown's habeas corpus petition (Doc. 12) as filed pursuant to 28 U.S.C. § 2254 under a new case number.

2. Mr. Pettus-Brown's motions requesting his removal from state custody and placement in federal custody pending the Court's ruling on Ms. Pettus-Oglesby's habeas motion (Doc. 11) and a 15-day extension of time to comply with the March 6, 2014 Deficiency Order (Doc. 15) are **DENIED**.

s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAPAN ENTERTAINMENT GROUP, CO. LTD., et al., <br>　　　Plaintiff, <br><br> vs <br><br> ETHNA COOPER, et al., <br>　　　Defendants. | Case No. 1:14-cv-165 <br><br> Black, J. <br> Bowman, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc