# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JAPAN ENTERTAINMENT GROUP, CO. LTD., et al., <br>     Plaintiffs, | Case No. 1:14-cv-165 |
| vs | Black, J. <br> Bowman, M.J. |
| ETHNA COOPER, et al., <br>     Defendants. | **REPORT AND RECOMMENDATION** |

This matter, which has not proceeded beyond the screening phase, has a convoluted procedural history. Luwana Pettus-Oglesby, a resident of Cincinnati, Ohio, initiated the action by filing a motion for leave to proceed *in forma pauperis* in connection with a *pro se* civil complaint, in which Japan Entertainment Group Co. Ltd. (JEG) and LaShawn R. Pettus-Brown are also named as plaintiffs. (*See* Docs. 1, 6). Ms. Pettus-Oglesby also later filed a "Motion For Writ Of Habeas Corpus" requesting the release of Mr. Pettus-Brown, who was then confined at the Hamilton County Justice Center,[1] from state custody. (Doc. 2).

On March 6, 2014, Deficiency Orders were issued to JEG and Mr. Pettus-Brown, who had not signed the complaint or submitted an *in forma pauperis* application or filing fee. The undersigned also issued Reports and Recommendations on March 6 and 12, 2014 to dismiss the portion of the complaint in which Ms. Pettus-Oglesby is named as a plaintiff for lack of subject matter jurisdiction and to dismiss Ms. Pettus-Oglesby's motion for writ of habeas

---

[1] On April 3, 2014, Mr. Pettus-Brown filed a notice informing the Court of a change in his address. (Doc. 16). Mr. Pettus-Brown remains in state custody, but it appears that he is now incarcerated at the Correctional Reception Center (CRC) in Orient, Ohio. (*Id.*). In a recent pleading filed April 14, 2014, Mr. Pettus-Brown notified the Court that "within the next 30-45 days," he may be transferred from CRC to the Intensive Program Prison, which is an "early release program[] for those classified as low level security risk." (Doc. 21).

corpus on the ground that she lacks standing to bring the motion on Mr. Pettus-Brown's behalf. (Docs. 7, 9).  The District Court adopted the Report and Recommendation issued on March 6, 2014 to dismiss the portion of the complaint in which Ms. Pettus-Oglesby is named as a plaintiff.  (Docs. 13-4).  The March 12, 2014 Report and Recommendation to dismiss her habeas motion for lack of standing remains pending before the District Court for ruling.

In the meantime, Mr. Pettus-Brown entered an appearance in the case by filing various pleadings responding to the March 6, 2014 Deficiency Orders, as well as the March 6 and March 12, 2014 Reports and Recommendations pertaining to Ms. Pettus-Oglesby. Specifically, Mr. Pettus-Brown filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his current confinement based on his conviction and sentence in Hamilton County Court of Common Pleas Case No. B0500613 and paid the $5.00 fee required to commence a habeas corpus action.  (Doc. 12).  That matter was allowed to proceed and has been opened as a separate case entitled *LaShawn R. Pettus-Brown v. Warden, Correctional Reception Center*, Case No. 1:14-cv-292 (Barrett, J.; Litkovitz, M.J.).  (*See* Doc. 19, p. 2).

In addition, Mr. Pettus-Brown filed motions requesting, among other things, a 15-day extension of time in which to comply with the March 6, 2014 Deficiency Order directed to him pertaining to the *pro se* civil rights complaint.  (*See* Docs. 11, 15).  On April 8, 2014, the undersigned issued an order denying the motions and recommended that the portions of the complaint involving plaintiffs JEG and Mr. Pettus-Brown be dismissed.  (Doc. 19).  Mr. Pettus-Brown's motion for extension of time was denied because (1) the *pro se* complaint for injunctive relief originally filed by Ms. Pettus-Oglesby was duplicative of Mr. Pettus-Brown's habeas petition that had been allowed to proceed under a separate case number, and (2) "if Mr. Pettus-Brown were to comply with the Deficiency Order by paying the $400 filing fee, his civil

2

rights complaint would be subject to dismissal at the screening stage on the ground that it is barred from review by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)." (*Id.*, p. 3). It was, therefore, recommended that the complaint involving Mr. Pettus-Brown be dismissed as duplicative of his habeas petition. (*See id.*). It was further recommended and that the complaint involving JEG be dismissed for lack of prosecution due to the company's failure to comply with the Deficiency Order issued March 6, 2014, which required JEG to pay the $400 filing fee or to retain a licensed attorney to enter an appearance as its representative in the action within thirty (30) days. (*See id.*, pp. 3-4; *see also* Doc. 4). The recommendations issued on April 8, 2014 to dismiss the remainder of the complaint involving JEG and Mr. Pettus-Brown is currently pending before the District Court for ruling.

This matter is now before the Court on Mr. Pettus-Brown's amended complaint, which was filed on April 14, 2014. (Doc. 20). The amended complaint names both JEG and Mr. Pettus-Brown as plaintiffs and raises the same claims that were presented in the original complaint filed by Ms. Pettus-Oglesby with an additional request for damages relief. (*See id.*).

The amended complaint is no longer duplicative of Mr. Pettus-Brown's habeas petition to the extent that it now involves a claim for damages. However, to date, neither JEG nor Mr. Pettus-Brown has complied with the Deficiency Orders that were issued on March 6, 2014. (*See* Docs. 4-5). Mr. Pettus-Brown, who was denied an extension of time to comply with the Deficiency Order directed to him, has yet to pay the $400 filing fee or submit an application for leave to proceed *in forma pauperis*. Furthermore, to date, no filing fee has been paid on behalf of JEG, nor has a licensed attorney entered an appearance to represent the company in this matter.

As discussed in the Order and Report and Recommendation issued on April 8, 2014 (*see* Doc. 19, p. 4), district courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of both JEG and Mr. Pettus-Brown to respond to the March 6, 2014 Deficiency Orders within the requisite 30-day time period warrants invocation of the Court's inherent power in this proceeding. *See* Fed. R. Civ. P. 41(b).

Accordingly, it is **RECOMMENDED** that the amended complaint be dismissed for lack of prosecution. As the undersigned previously pointed out to Mr. Pettus-Brown in denying his motion for extension of time to comply with the Deficiency Order directed to him (*see* Doc. 19, p. 3), Mr. Pettus-Brown is hereby **NOTIFIED** that if he were to prosecute this matter at this late juncture by paying the $400 filing fee or submitting an *in forma pauperis* application, the amended complaint would still be subject to dismissal on the ground that it is barred from review by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that a civil rights action under 42 U.S.C. § 1983 seeking relief on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated.

**IT IS THEREFORE RECOMMENDED THAT:**

The amended complaint filed by Mr. Pettus-Brown on April 14, 2014 (Doc. 20) be **DISMISSED**.

    s/Stephanie K. Bowman_____
    Stephanie K. Bowman
    United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JAPAN ENTERTAINMENT GROUP,  Case No. 1:14-cv-165
CO. LTD., et al.,
    Plaintiff,

                         Black, J.
    vs                         Bowman, M.J.

ETHNA COOPER, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc